UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ENID NOELIA CINTRÓN-CASTRO**<br><br>**PLAINTIFF.**<br><br>v.<br><br>**MUNICIPALITY OF TOA BAJA,**<br><br>**DEFENDANT.** | **CIVIL NO. 15-1957 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is defendant Municipality of Toa Baja's "Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Docket No. 12). Plaintiff opposed (Docket No. 20). For the reasons explained below, defendants' motion is GRANTED and the case is DISMISSED.

**I.    BACKGROUND**

On October 13, 2009, plaintiff, Enid Cintrón-Castro, sued the Municipality of Toa Baja and its insurance companies in the Arecibo Part of the Puerto Rico Court of First Instance claiming damages and loss of future earnings after suffering injuries in an accident. (Docket No. 1 at pp. 2-3). In her amended complaint, she included allegations regarding the unconstitutionality of the monetary liability caps set by P.R. Laws Ann. tit. 21 § 4704. Id. at p. 3. Plaintiff prevailed in trial court, obtaining a judgment against Admiral Insurance Company and the Municipality, jointly, for $658,269.00. Id. The trial court did not address plaintiff's constitutional attack to the statutory monetary liability cap. Id.

Cintrón-Castro v. Municipality of Toa Baja
Civil No. 15-1957 (PAD)
Memorandum and Order
Page 2

The Municipality and Admiral appealed the judgment. Id. at p. 4. The Puerto Rico Court of Appeals affirmed the judgment in part and vacated in part. Id. The court held that Admiral had no obligation to compensate the plaintiff, since there was no coverage under its insurance policy. Id. The Municipality, however, was held liable to the plaintiff up to $150,000.00, the statutory cap set by P.R. Laws Ann. tit. 21 § 4704. Id. Because the Municipality had paid $25,000.00 to another person injured in the same accident as plaintiff, plaintiff's award was reduced to $125,000.00. Id. at p. 5.

On January 14, 2014, plaintiff filed a writ of certiorari with the Puerto Rico Supreme Court, bringing forth claims about the constitutionality of the monetary liability caps. Id. On July 11, 2014, the Court denied the petition. Id. On July 17, 2015, plaintiff initiated the present action against the Municipality (Docket No. 1), claiming that the statutory cap on monetary compensation set by §4704 violates the Fifth and Fourteenth Amendments to the U.S. Constitution. Id.

## II.   STANDARD OF REVIEW

28 U.S.C. §1257 vests the United States Supreme Court with exclusive "jurisdiction over appeals from final state-court judgments."[1] Lance v. Dennis, 546 U.S. 459, 463 (2006); see also Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-292 (2005). In light of that exclusive jurisdictional grant, under the Rooker-Feldman doctrine federal courts are precluded from exercising subject matter jurisdiction to hear a case "where the issues presented are 'inextricably intertwined' with questions previously adjudicated by a state court." Mills v. Harmon

---

[1] 28 U.S.C. §1257(a) establishes that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of any commission held or authority exercised under, the United States."

Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003). A federal claim is "inextricably intertwined with state-court claims if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Sheehan v. Marr, 207 F.3d 35, 39-40 (1st Cir. 2000). For the same reason, the Rooker-Feldman doctrine "precludes a federal action if the relief sought in the federal court 'would effectively reverse the state court decision or void its holding.'" In re Vázquez, 467 B.R. 550, (Bankr. D.P.R. 2012). The doctrine is "jurisdictional in nature" and therefore "if a case is dismissed because the Rooker-Feldman doctrine applies, it means that the court has no subject-matter jurisdiction to hear the case." Mills, 344 F.3d at 44 n.1. The court can raise the issue *sua ponte*. Id.

The First Circuit has held that the Rooker-Feldman doctrine is "confined to [1] 'cases brought by state-court losers'[2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced, and [4] inviting district court review and rejection of those judgments.'" Silva v. Massachusetts, 351 Fed. Appx. 450 *3 (1st Cir. 2009)(citing Lance v. Dennis, 546 U.S. 459, 464 (2006)). The court will evaluate each of the factors in turn.

### III.    DISCUSSION

A. Whether plaintiff was an unsuccessful party in the state-court action

Plaintiff seeks "review and rejection" of a state court judgment, specifically the Puerto Rico Court of Appeals' award to the plaintiff, limited by the statutory cap set forth in P.R. Laws Ann. tit. § 4704 (Docket No. 1 at p. 11). She argues this court should order the Municipality of Toa Baja to "pay the full amount of her claim as was judicially determined" by the trial court. Id. Because plaintiff claims to have suffered injuries from the revised award (Docket No. 1 at p. 5) and she seeks to overturn the Court of Appeals' judgment, the first element is properly met.

B. Whether plaintiff's federal complaint "complain[s] of injuries caused by state-court judgments"

Plaintiff's federal complaint alleges injuries caused by the state-court judgment entered by the Puerto Rico Court of Appeals. She states that "[t]he automatic application of the statutory limitations on claims against the municipality is in a direct violation of plaintiffs' civil rights under 42 USC §1983" (Docket No. 1 at p. 7). Also, she avers that the reduction of the award by "more than seventy seven (77%) [sic] percent of the compensation granted by the first instance court" constitutes a "taking without due process and equal protection of the law." Id. at p. 5. Plaintiff's causes of action stem directly from the judgment issued by the Puerto Rico Court of Appeals. Because the Court of Appeals dismissed the complaint against Admiral, the monetary award was modified in accordance with the monetary liability cap established by P.R. Laws Ann. tit. § 4704, leading to plaintiff's alleged injury (Docket No. 12 at p. 2).

C. Whether the state-court judgment "was rendered before" the plaintiff commenced her federal action

The Supreme Court has stated that the Rooker-Feldman doctrine applies when the losing party has filed suit in federal court after the state proceedings have ended. Exxon Mobil Corp., 544 U.S. at 291 (2005). For the First Circuit, "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state court proceedings have 'ended.'" Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 24 (2005)(citing Exxon Mobil Corp., 544 U.S. at 291) Here, the state-court judgment was entered before the plaintiff commenced the federal action. The Puerto Rico Court of Appeals issued its judgment on September 30, 2013 (Docket No. 1 at p. 4), and the Supreme Court of Puerto Rico denied plaintiffs' petition for a writ of certiorari on July 11, 2014. Id. at p. 5. Plaintiff initiated this action over a year later, on July 17, 2015. Id. at p. 12

D. Whether plaintiff's federal action "invites district court review and rejection of [the state-court] judgments"

The Rooker-Feldman doctrine prevents a federal district court from "declar[ing] that the state court wrongly decided Plaintiffs' claim." Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006). Instead, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Id. This limitation applies "notwithstanding that [plaintiffs] are asserting in their federal action a federal constitutional claim pursuant to 42 U.S.C. §1983." Silva, 351 Fed.Appx. at 456 (citing Diva's Inc. v. City of Bangor, 411 F.3d 30, 42-43 (1st Cir. 2005)).

In her federal complaint, plaintiff requests that the court "declar[e] the unconstitutionality of . . . each and every statute and/or rule and regulations which unconstitutionally impairs Plaintiff's right to a fair and just compensation" (Docket No. 1 at p. 11). Furthermore, she argues that "defendant must be enjoined from implementing the decision, determination, remedies, and measures to pay amount less than the real and fair just compensation determined by the state court." Id. In addition, she claims that they raised the federal constitutional issues of the statutory cap on monetary compensation at the state courts, but they did not address these issues. Id. at p. 3-4. Although plaintiff raised the federal constitutional issues of the statutory cap on monetary compensation and the state courts did not address these issues, Rooker-Feldman bars her federal action. This court could not grant the relief requested without deciding that the Puerto Rico Court of Appeals erred in its decision.

Cintrón-Castro v. Municipality of Toa Baja
Civil No. 15-1957 (PAD)
Memorandum and Order
Page 6

### IV.  CONCLUSION

In view of the foregoing, the court does not have subject-matter jurisdiction over this action. The defendants' motion is GRANTED and the case is DISMISSED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of July, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
